IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mimi Joe Marshall, #231397, | C/A No.: 1:24-1769-RMG-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Gary Kocher, Optimal-Eye-Doctor, and Director Bryan Sterling, | |
| Defendants. | |

Mimi Joe Marshall ("Plaintiff"), proceeding pro se and in forma pauperis, sues ophthalmologist Gary Kocher ("Kocher")[1] and the Director of the South Carolina Department of Corrections ("SCDC") Bryan Sterling ("Sterling") for their alleged refusal to provide laser surgery to Plaintiff following his visit to see Kocher in 2019. Kocher seek dismissal of Plaintiff's claims asserted against him, arguing in part they are barred by the applicable statute of limitations.

This matter comes before the court on Kocher's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 36]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to

---

[1] Defendants have informed the court that Kocher has been misidentified in Plaintiff's complaint as Kroger. [*See* ECF No. 36 at 1]. The court employs Kocher's correct name and directs the clerk of court to amend the caption.

respond adequately to Kocher's motion. [ECF No. 38]. Although Plaintiff filed multiple letters with the court, they did not substantively respond to Kocher's motion. [ECF Nos. 42, 44, 47, 48]. On October 15, 2024, the court ordered Plaintiff to advise the court whether he wished to continue the case and to file a response to the pending motion to dismiss no later than October 29, 2024. [ECF No. 49]. Plaintiff filed an additional letter on November 1, 2024. [ECF No. 51].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Kocher's motion to dismiss and further recommends dismissal of claims asserted against Sterling as well.

I.    Factual and Procedural Background

Plaintiff alleges in his operative complaint that in 2019 he went to see Kocher, further alleging as follows: "They wouldn't fix my eye, they put it off, till it is to[o] late to fix my eyes." [ECF No. 9 at 5, *see also id.* at 6 ("They put off the laser surgery, which would have fix[ed] my eyes.")].[2]

---

[2] In his original complaint, Plaintiff further explained that he has glaucoma and that he lost his vision on October 6, 2019. [ECF No. 1 at 5, *see also id.* at 6 ("The SCDC could have restored my vision in 2019 and preserved that quality of vision, but neglected to do so.")]. Plaintiff has also submitted an

II.     Discussion

    A.     Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se

---

inmate grievance form dated October 31, 2019, stating he lost his vision on October 6, 2019. [*See* ECF No. 1-1 at 9].

complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

South Carolina Law provides that any action against a medical care provider must be brought within three years of the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered. S.C. Code Ann. § 15-3-545(A). Plaintiff's complaint alleges that the actions that gave rise to his complaint against Kocher arose in 2019. Accordingly, the applicable statute of limitations expired at the end of 2022, almost two years prior to the commencement of Plaintiff's action in April 2024.[3]

As to Sterling, the undersigned recommends dismissal of Plaintiff's claims asserted against him also as barred by the applicable statute of

---

[3] Letters submitted by Plaintiff to the court do not address the statute of limitations issue. [*See* ECF Nos. 4, 5, 16, 42, 44, 47, 48, 51].

4

limitations. Plaintiff brings claims against Sterling pursuant to 42 U.S.C. § 1983, and the statute of limitations for an action brought pursuant to § 1983 is also three years.[4] *See Williams v. City of Sumter Police Dep't*, C/A No. 3:09-2486-CMC-PJG, 2011 WL 723148, at *3 (D.S.C. Feb. 23, 2011) (concluding the plaintiff had three years within which to file his § 1983 action).

Although Sterling has not moved for dismissal, he has asserted a statute of limitations defense in his answer to Plaintiff's complaint. [*See* ECF No. 41]. Even if he had not, the Fourth Circuit has recognized that "a statute of limitations defense may properly be raised *sua sponte* by a district court," under certain circumstances, including when a complaint is filed in forma

---

[4] The law is well-settled on this question of statutes of limitation for actions brought under § 1983. While a statute of limitations is not contained within the text of § 1983, the Supreme Court has decided that the state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (citations omitted)). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code Ann. § 15-3-530(5). Therefore, the statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim. *See Hamilton v. Middleton*, C/A No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

pauperis pursuant to 28 U.S.C. § 1915." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54) (4th Cir. 1995)); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681–82 (4th Cir. 2005) (recognizing that *sua sponte* dismissal may be appropriate if the existence of an affirmative defense is "apparent from the face of the complaint"). "As the Supreme Court has described: 'Section 1915(d) [the precursor to § 1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citing 28 U.S.C. § 1915) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Kocher's motion to dismiss [ECF No. 36] and dismiss Plaintiff's

claims against both Kocher and Sterling with prejudice as barred by the applicable statutes of limitations.

    IT IS SO RECOMMENDED.

November 5, 2024                                          Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).