## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mimi Joe Marshall, | Case No. 1:24-1769-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Gary Kocher, Optimal-Eye-Doctor, and Director Bryan Sterling | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending the Court grant Defendant Kocher's motion to dismiss (Dkt. No. 36) and dismiss Plaintiff's claims against Defendants Kocher and Sterling with prejudice as barred by the applicable statues of limitations. (Dkt. No. 52). Plaintiff filed letters after the issuance of the R & R, but the letters do not directly respond to the R & R. (Dkt. Nos. 54, 55, 56, and 57). For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's claims against Defendants Kocher and Sterling.

**I.   Background**

Plaintiff, proceeding *pro se*, alleges that in 2019 he went to see Defendant Kocher, an ophthalmologist, for his eyesight. (Dkt. No. 9 at 5). Plaintiff alleges that Defendant Kocher delayed laser surgery which would have corrected Plaintiff's vision. (*Id.* at 5-6) For relief, Plaintiff requests three million dollars. (*Id.* at 6).

Defendant Kocher moved to dismiss Plaintiff's claims. (Dkt. No. 36). The Magistrate Judge issued an R & R recommending the Court grant Defendant Kocher's motion and also dismiss Plaintiff's claims against Defendant Sterling. (Dkt. No. 52). The matter is now ripe for the Court's review.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

The Court reviewed the letters submitted by Plaintiff after the issuance of the R & R (Dkt. Nos. 54, 55, 56, and 57). The letters do not directly respond to the R & R. Instead, the letters appear to respond to earlier orders of the court, (Dkt. Nos. 54, 55, and 56), state Plaintiff's desire for the case to continue (Dkt. No. 54, 55, 56), recount the process for Plaintiff to receive his legal mail in prison (Dkt. No. 55, 56), and explain that a subsequent incident between Plaintiff and a correctional officer would not have occurred if Plaintiff's eyesight was better (Dkt. No. 57). Additionally, the Court notes that objections to the R & R were due November 19, 2024 and that the Court has not received any further correspondence from Plaintiff as of the date of this order. Because the letters the Court has received are not specific objections to the R & R, the Court reviews the R & R for clear error.

For Defendant Kocher, the Magistrate Judge found that the statute of limitations bars Plaintiff's claim. Under South Carolina Law, any action against a medical care provider must be brought within three years of the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered. S.C. Code Ann. § 15-3-545(A). The Magistrate Judge found that Plaintiff's claim against Defendant Kocher is barred because the actions giving rise to Plaintiff's claim against Defendant Kocher arose in 2019, which means the applicable statute of limitations expired at the end of 2022. The Court agrees with the Magistrate Judge's conclusion and dismisses Plaintiff's claim against Defendant Kocher.

For Defendant Sterling, The Magistrate Judge found that the Court may raise statute of limitations issues *sua sponte* and that statute of limitation bars Plaintiff's § 1983 claim against Defendant Sterling. Statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 are determined by the analogous state law state of limitations. *Williams v. Cty. of Sumter Police Dept.*, C.A. no. 3:09-2486-CMC, 2011 WL 723148, at *2 (D.S.C. Feb 23, 2011). The general or residual statue of limitations for personal injury claims is three years. S.C. Code Ann. § 15-3-530. This statute of limitations has been held to be applicable to statute of limitations for § 1983 claims by several courts in this District. *See, e.g.*, *Huffman v. Tuten*, 446 F.Supp.2d 455 (D.S.C. 2006). The Magistrate Judge found that Plaintiff's claim against Defendant Sterling is barred because the actions giving rise to Plaintiff's claim against Defendant Sterling arose in 2019, which means the applicable three-year statute of limitations period expired at the end of 2022. The Court agrees with the Magistrate Judge and dismisses Plaintiff's claim against Defendant Sterling.

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R as the Order of the Court and **DISMISSES** Plaintiff's Complaint with prejudice.

    _s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

November 26, 2024
Charleston, South Carolina